UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| K. THOMAS HALL,     Plaintiff, | : : : | |
| v. | : : : : | Case No. _____ |
| PORTFOLIO RECOVERY; ASSOCIATES, LLC; COOLING & WINTER, LLC; COMPUMAIL INFORMATION SERVICES, INC.     Defendant. | : : : : : : | |

## COMPLAINT

COMES NOW YOUR PLAINTIFF K. THOMAS HALL and files his Complaint for Damages against the Defendants named above and shows the following:

## NATURE OF THE ACTION

1.     This is an action against the Defendants for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter "FDCPA"). Defendant's actions are abusive debt collection practices prohibited by federal law, specifically the FDCPA which found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" by debt collectors and those practices "contribute to the number of personal

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."

## JURISDICTION, PARTIES, AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This Court has subject matter jurisdiction of claims arising under the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

6. Plaintiff is a natural person residing in Houston County, Georgia.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

8. Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA") is a debt collection company operating within, and actively collecting consumer debts

in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant PRA is not authorized to transact business in the State of Georgia.

10. Defendant PRA maintains no assets in the State of Georgia.

11. Summons and Complaint may be served on Defendant PRA by service at Defendant's registered address, 120 Corporate Boulevard, Norfolk, Virginia 23502.

12. Defendant Cooling & Winter, LLC (hereinafter "CW") is a debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Defendant CW is authorized to transact business in the State of Georgia.

14. Summons and Complaint may be served on Defendant CW, by service on CSC of Cobb County, Inc. who has a physical address for service at 192 Anderson Street SE, Suite 125, Marietta, Georgia, 30060.

15. Defendant CompuMail Information Systems, Inc. (hereinafter "CompuMail") is a debt collection company operating within, and actively

collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16. Defendant CompuMail is not authorized to transact business in the State of Georgia.

17. Summons and Complaint may be served on Defendant CompuMail, by service on Monte Bish, Compumail's registered agent at 4057 Port Chicago Hwy, Ste 300, Concord, CA 94520-1160.

18. Defendants were all in fact doing business in this state at all times relevant to this action through its various collection efforts.

19. Defendants directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia.

## FACTS GIVING RISE TO THIS COMPLAINT

20. Sometime prior to January 2017, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) with Capital One Bank, USA, NA.

21. Plaintiff got behind on payments to Capital One Bank, USA, NA and the account was charged off.

22. Capital One Bank, USA, NA treated the account as in default even though Plaintiff was making payments.

23. Plaintiff continued to make payments toward the account until it was turned over to a collection company who refused to fully identify who they were.

24. At some point prior to January of 2017, Capital One Bank, USA, NA allegedly sold Plaintiff's defaulted account to Defendant PRA.

25. Defendant PRA's principle business is the collection of defaulted consumer debt and Defendant PRA is thus a debt collector.

26. Defendant PRA acquired Plaintiff's account after the account had been identified as in default.

27. Defendant PRA uses Defendant CompuMail to send dunning letters to consumers like Plaintiff.

28. Defendant CompuMail's principle business is the preparation and mailing of dunning letters to consumers on behalf of other debt collectors for a set rate and Defendant CompuMail is thus a debt collector.

29. Defendant PRA uses Defendant CW to send dunning letters and file suit against consumers like Plaintiff.

30. Defendant CW regularly collects defaulted debts owed to another and its principle business is the collection of defaulted consumer debt and Defendant CW is thus a debt collector.

31. On or about January 19, 2017, Defendant PRA directed Defendant CW to file a Statement of Claim against Plaintiff in the Magistrate Court of Houston County.

32. A true and accurate copy of the Houston County Magistrate Court Statement of Claim is attached hereto as Exhibit "A."

33. The Statement of Claim deviates from the form language and incorrectly states an answer "MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE CLERK OR THE CLERK OF THE MAGISTRATE COURT."

34. The Statement of Claim otherwise contains incorrect, false, and misleading statements.

35. Plaintiff secured counsel and timely filed Responsive Pleadings to the Statement of Claim on or about January 26, 2017.

36. A true and accurate copy of Plaintiff's Responsive Pleadings is attached hereto as Exhibit "B."

37. A copy of Plaintiff's Responsive Pleadings was sent to Defendant CW as attorneys for Defendant PRA.

38. Plaintiff also filed a Notice to Produce at trial on or about January 26, 2017.

39. A copy of Plaintiff's Notice to Produce is attached hereto as Exhibit "C."

40. A copy of Plaintiff's Notice to Produce was sent to Defendant CW as attorneys for Defendant PRA.

41. At no point in time did Plaintiff send a copy of above-referenced Exhibits directly to Defendant PRA or Defendant CompuMail.

42. At no point in time did Plaintiff initiate a dispute directly with Defendant PRA or Defendant CompuMail.

43. Defendant CW informed Defendant PRA that Plaintiff was disputing the Statement of Claim.

44. Defendant CW knew Plaintiff was represented by counsel.

45. At all times relevant herein, Defendant CW was acting solely as Defendant PRA's agent.

46. At all times relevant herein, Defendant CW was acting solely pursuant to a fiduciary relationship established with Defendant PRA.

47. On or about February 7, 2017, Defendant PRA directed Defendant CompuMail to mail a dunning letter to Plaintiff.

48. A true and accurate copy of the February 7, 2017 dunning letter is attached hereto as Exhibit "D."

49. The February 7, 2017 dunning letter asserts the validity of the debt was established by the documents contained therein.

50. The February 7, 2017 dunning letter attempts to claim it is not being sent to collect a debt, but clearly identifies an amount Defendant PRA claims is owed by Plaintiff as of the date of the letter and requests Plaintiff to contact them directly to discuss the account.

51. The February 7, 2017 dunning letter is an attempt to collect a debt despite Defendant PRA's assertions.

52. The February 7, 2017 letter was sent directly to the Plaintiff despite all Defendants knowing Plaintiff was represented by counsel.

53. On or about February 16, 2017, Defendant PRA directed Defendant CW to dismiss the Statement of Claim against the Plaintiff.

54. A true and accurate copy of the dismissal is attached hereto Exhibit "E."

55. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to 15 U.S.C. §§ 1692c, 1692d, 1692e, and 1692f.

## DAMAGES

56. Congress enacted the FDCPA to protect consumers from widespread abuse by sophisticated debt collectors.

57. The above-detailed conduct by these Defendants (and their agents) of harassing Plaintiff to collect this debt was a violation of numerous and multiple provisions of the FDCPA.

58. Plaintiff has suffered actual injuries the FDCPA seeks to prevent, to wit:

    a) Plaintiff was misled because of Defendants' violations of the FDCPA;

    b) Plaintiff suffered mental distress because of Defendants' violations of the FDCPA, and;

    c) Plaintiff's statutory rights were invaded, and;

59. Plaintiff has Article III standing to bring these claims against the Defendant.

### Count I and II – Violations of the FDCPA and Georgia's Fair Business Practices Act

60. Paragraphs 1 through 59 are incorporated herein by reference.

61. By reason of the foregoing, Defendants and their agent's actions and omissions constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

62. Defendants' actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

63. Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

64. Plaintiff is entitled to recover statutory damages in an amount to deter such future conduct by the Defendant in an amount to be determined by the trier of fact but in excess of $350.00.

65. Plaintiff is entitled to recover his attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

66. A violation of the FDCPA is a violation of Georgia's Fair Business Practices Act. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

67. O.C.G.A. §§ 10-1-391 et seq. provides for the trebling of damages and for an award of attorney's fees whenever an entity has intentionally or willfully violated the protections afforded by the Georgia Fair Business Practices Act.

68. Defendant willfully and intentionally violated the FDCPA as alleged hereinabove.

### Count III – Unfair or Deceptive Practices

69. Paragraphs 1 through 68 are incorporated herein by reference.

70. Georgia's Unfair or Deceptive Practices Toward The Elderly Act ("UDPTEA") defines and elder person as someone 60 years of age or older. O.C.G.A. § 10-1-850(2).

71. Plaintiff has been over the age of 60 at all times relevant herein.

72. Defendants knew the Plaintiff was over the age of 60 at all times relevant herein.

73. Defendants have violated the UDPTEA by violating the GFBPA as alleged herein.

74. The UDPTEA states that "[w]hen any person who is found to have conducted business in violation of Article 15, 17, or 21[1] of this chapter is found to have committed said violation against elder or disabled persons, in addition to any civil penalty otherwise set forth or imposed, the court may impose an additional civil penalty not to exceed $10,000.00 for each violation.

75. Plaintiff is entitled to recover, pursuant to the UDPTEA exemplary damages from Defendants including (without limitation) punitive damages for Defendants' intentional violations of consumer protection statutes.

## Count IV -- Negligence

76. Paragraphs 1 through 75 are incorporated herein by reference.

77. By reason of the foregoing, Defendant is liable for the negligence of its employees, attorneys, and agents resulting in the Plaintiff's damages as alleged herein.

78. Defendant had duties under Georgia and federal law to treat Plaintiff fairly and in a manner that was not abusive.

---

[1] The Georgia Fair Business Practices Act is part of Article 15 of Title 10.

79. Defendant breached those duties as alleged herein.

80. Defendant's conduct and omissions are the proximate cause of the damages suffered by Plaintiff in an amount to be determined by the trier of fact.

## **Demand for a Jury Trial**

81. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $1,000.00;

b) The award of costs and reasonable attorney's fees pursuant to the FDCPA and O.C.G.A. § 10-1-391 et seq. in an amount to be proven at trial but in excess of $3,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted September 8, 2017.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

/s/  Ronald Edward Daniels
Ronald Edward Daniels
Georgia Bar No. 540854

DANIELS LAW LLC
P.O. BOX 1834
Perry, Georgia 31069
Tel. 478-227-7331
ron@dlawllc.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1D**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

This 8th day of September, 2017.

/s/  Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com                ATTORNEY FOR PLAINTIFF